UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A.H. )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>THE BOARD OF SCHOOL )<br>COMMISSIONERS FOR THE CITY OF )<br>INDIANAPOLIS d/b/a INDIANAPOLIS )<br>PUBLIC SCHOOLS; )<br>DR. LEWIS D. FEREBEE, Individually )<br>and in his Official Capacity; and )<br>SHANA TAYLOR, Individually and in )<br>her Official Capacity, )<br>)<br>    Defendants, | CAUSE NO. 1:17-cv-4153-RLY-DML |

## SECOND AMENDED CASE MANAGEMENT PLAN

**I.** **Parties and Representatives**

    A.    Plaintiff:    A.H.

            Defendants:    The Board of School Commissioners for the City of Indianapolis d/b/a Indianapolis Public Schools

                          Dr. Lewis D. Ferebee, Individually and in his Official Capacity

                          Shana Taylor, Individually and in her Official Capacity

    B.    Counsel for Plaintiff:

                  Eric D. Schmadeke
                  DENSBORN BLACHLY LLP
                  500 E. 96th Street, Suite 100
                  Indianapolis, IN 46240
                  Telephone: (317) 669-0129
                  Fax: (317) 218-3919
                  E-mail:  eschmadeke@dblaw.com

Counsel for Defendants Board of School Commissioners for the City of Indianapolis d/b/a Indianapolis Public Schools and Dr. Lewis D. Ferebee, Individually and in his Official Capacity (collectively the "IPS Defendants"):

> Ellen E. Boshkoff
> Matthew K. Giffin
> FAEGRE BAKER DANIELS, LLP
> 300 North Meridian Street, Suite 2700
> Indianapolis, Indiana 46204
> Telephone: (317) 237-0300
> Facsimile: (317) 237-1000
> E-mail: ellen.boshkoff@faegrebd.com
> matt.giffin@faegrebd.com

Defendant Shana Taylor, not represented by counsel:

> 631 N. Diana Dr.
> Ellettsville, Indiana 47429

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. The basis for subject matter jurisdiction is federal question pursuant to 20 U.S.C. § 1331. Plaintiff asserts claims under 42 U.S.C § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*. In addition, Plaintiff asserts this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Indiana state law claims.

B. <u>Plaintiff's Synopsis</u>: A.H. attended Positive Supports Academy, which is an alternative school in the IPS school district. A.H., an African-American/Black male, was sixteen (16) years old at the start of the 2015-2016 school year. For approximately five months during this school year, Positive Supports Academy's school guidance counselor sexually abused and harassed A.H. on school premises. A.H. has brought a Title IX claim against IPS for the sexual abuse, harassment, and discrimination that he suffered and the pervasive effect of this conduct, which altered, detracted from, and undermined the conditions of A.H.'s education and denied him equal access to IPS resources and opportunities. A.H. has also brought a § 1983 claim against IPS for its failures in connection to the abovementioned conduct, its inconsistent and disproportional practices, and the resulting sexual abuse, harassment, and discrimination. IPS' conduct constituted violations of A.H.'s constitutional rights. A.H. has also brought a separate claim against IPS and FEREBEE for failing to keep A.H. safe and failing to sufficiently supervise and train IPS officials and staff.

2

  A.H. has also brought a separate § 1983 claim against his abuser, school guidance counselor TAYLOR, for her harmful practices, customs, and/or policies established and created by Positive Supports Academy's guidance and counseling program and based on TAYLOR's abuse, harassment, and discrimination.

C. <u>IPS Defendants' Synopsis</u>:  The IPS Defendants deny that Plaintiff's rights under 42 U.S.C § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*., were violated as there is no evidence that anyone with authority within IPS had actual notice and was deliberately indifferent to any misconduct.  The IPS Defendants also deny that they are vicariously liable for any actions of Defendant Shana Taylor outside the course and scope of her employment.  The IPS Defendants further deny they are liable to Plaintiff for any state law or constitutional claims.

D. <u>Defendant Shana Taylor's Synopsis</u>:   Defendant Shana Taylor has not provided the parties a letter containing a summary of the case pursuant to the Court's "Instructions for Preparing Case Management Plan: Special Instructions for Pro Se Parties."

### III.  Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **March 8, 2018**.

B. Plaintiff shall file preliminary witness and exhibit lists on or before **March 15, 2018**.

C. Defendants shall file preliminary witness and exhibit lists on or before **March 22, 2018**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 9, 2018**.

E. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to judgelynchchambers@insd.uscourts.gov.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 8, 2018**.  Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 10, 2018**.

G. Notwithstanding the provisions of paragraph (F) above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **August 8, 2018**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements

3

of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **April 8, 2019**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S. D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **January 8, 2019**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.

The parties do not believe that a substantial volume of ESI will be produced in this case. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in PDF or TIFF format without metadata. The parties agree that all documents produced in PDF or TIFF format will be preserved in native format, if available, in case the metadata is needed.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the documents in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

At this time, the parties do not know of additional electronic discovery issues that may arise. If additional issues arise which are not governed herein, the parties agree to work in good faith toward resolution of the matter before bringing the issue to the Court's attention.

**IV.   Discovery[1] and Dispositive Motions**

    A.   Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

        <u>Plaintiff</u>:   No, A.H. believes various issues of fact regarding the claims being asserted preclude summary judgment.

        <u>IPS Defendants</u>: The IPS Defendants must conduct discovery, but at this time, based on its investigation and understanding of Plaintiff's claims, it anticipates that it will file a motion for summary judgment following the close of discovery.

    B.   On or before **February 3, 2019**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.   Select the track that best suits this case:

      _____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

      __ X __ Track 2: Dispositive motions are expected and shall be filed by **March 8, 2019**; non-expert witness discovery and discovery relating to liability issues shall be completed by **January 28, 2019**; expert witness discovery and discovery relating to damages shall be completed **March 8, 2019**. All remaining discovery shall be completed by no later than **March 8, 2019**.

      _____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

### V. Pre-Trial/Settlement Conferences

The Court has scheduled an Initial Pre-Trial Conference in this matter for Wednesday, January 17, 2018 at 10:00 a.m. in Room 277, United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.

The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in August 2018**.

### VI. Trial Date

The parties request a trial date in **July 2019**. The trial is by jury and is anticipated to take 3 days.

### VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

### VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of

6

US.120915570.01

       these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall

        submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

None at this time.

Respectfully submitted,

| DENSBORN BLACHLY LLP | FAEGRE BAKER DANIELS LLP |
|---|---|
| s/ Eric D. Schmadeke | s/ Matthew K. Giffin |
| Eric D. Schmadeke | Ellen E. Boshkoff (#16365-49) |
| Justin M. Wiser | Matthew K. Giffin (#31603-49) |
| 500 E. 96th Street, Suite 100 | 300 North Meridian Street, Suite 2700 |
| Indianapolis, Indiana 46240 | Indianapolis, Indiana 46204 |
| Telephone: (317) 669-0129 | Telephone: 317-237-0300 |
| Facsimile: (317) 218-3919 | Facsimile: 317-237-1000 |
| Email: eschmadeke@dblaw.com | Email: Ellen.Boshkoff@FaegreBD.com |
| jwiser@dblaw.com | Matt.Giffin@FaegreBD.com |
| *Attorneys for Plaintiff* | *Attorneys for IPS Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of November, 2018, a copy of the foregoing was filed electronically and that a copy was served upon the following by United States first-class mail, postage prepaid:

> Shana Taylor
> 631 N. Diana Dr.
> Ellettsville, Indiana 47429

/s/ Matthew K. Giffin
Matthew K. Giffin (#31603-49)

US.120915570.01

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT ____.M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN ____March 8, 2019____ |

10

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Date: 12/3/2018

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana